Dear Mr. Koupal:
This opinion is in response to your question asking whether the Board of Cosmetology has the authority to issue a shop license to an individual renting space within a licensed cosmetology shop, which license is sometimes referred to as a booth rental license.
A license is required for each shop in which the practice of cosmetology is performed. Section 329.030, RSMo 1986, states:
 329.030. Certificate of registration required. — It shall be unlawful for any person in this state to engage in the occupation of hairdresser or cosmetologist or manicurist, or to conduct a hairdressing or cosmetologist's or manicurist's establishment or school, unless such person shall have first obtained a certificate of registration as provided by this chapter.
In addition, Section 329.045, RSMo 1986, states, in pertinent part:
 329.045. Registration of shop required, fee — display of certificate. — Every shop or establishment in which the occupation of hairdresser, cosmetologist, or manicurist is practiced shall be required to obtain a certificate of registration from the state board of cosmetology. . . .
A "booth rental license" is a shop license. The shop in such instance is the particular "booth" or "chair" used by a cosmetologist for working on clients. This "booth" or "chair" is generally located within a licensed cosmetology shop. It is not, however, considered part of that cosmetology shop. The cosmetologist to whom the "booth rental license" is issued is not, for purposes of Chapter 329, RSMo, an employee of the licensed shop in which the cosmetologist's "booth" is located. The "booth rental" is considered a free-standing shop subject to the regulatory requirements of all shops, although it is physically located within the walls of a separately licensed shop.
4 CSR 90-4.010(5) sets this forth as follows:
 (5) Rent Space — Any licensed cosmetologist practicing the profession of cosmetology in a licensed beauty shop, other than as a shop employee, or in a barber shop must possess a current shop license as well as an operator license. These shop licenses will be issued in accordance with the provisions and requirements defined in 4 CSR 90-4.010(1) and (2).
The purpose for licensing cosmetology shops is to protect the public. This principle has been summarized as follows:
 It is well established that professions or trades operating directly on the person and thereby directly affecting the health, comfort, and safety of the public may be regulated by the legislature under the police power, which enables the legislature to make all needful rules and regulations for the health, safety, and welfare of the people of the state.
 The occupation of beauty culturist is embraced in this general principle, being, while a lawful business, an occupation which, because of its intimate relation to the public health, is within that class of trades, professions, or callings which may, under the police power, be regulated by law without depriving a citizen of his natural rights and privileges guaranteed by fundamental law. Those who are engaged therein are subject to regulations which require that beauty parlors be operated in a clean and sanitary manner and by competent operators, to the end that the public may be protected against the spread of communicable diseases.
56 ALR2d 879, 883.
The apparent intent of the legislature in requiring that a shop be licensed is to ensure that the location of the facilities being used in the practice of this occupation meet the required health and sanitation standards. The location, size, and number of employees of any given shop are not issues of concern regarding licensure except insofar as they impact on the above-stated apparent legislative intent.
The "booth" (shop) must meet all health and sanitation requirements as required of any other shop. The fact that it consists of only one "booth" or "chair" and is physically located within another licensed shop is not related to the health and sanitation concerns for licensing shops and would, therefore, not be a factor in determining whether such a license may be issued.
In addition, the statutory definition of a cosmetology shop does not preclude the licensing of a single "booth" as a shop. Section 329.010(3), RSMo 1986, defining "[h]airdressing or cosmetologist's or manicurist's shop," states:
 329.010. Definitions. — As used in this chapter, unless the context clearly indicates otherwise, the following words and terms shall mean:
* * *
 (3) "Hairdressing or cosmetologist's or manicurist's shop", that part of any building wherein, or whereupon, any of the classified occupations are practiced;
A single "booth" at which the practice of cosmetology is performed would constitute a "part of any building" as stated above. Whether or not the remaining part of that building is likewise licensed as a separate shop has no bearing upon the licenseability of the individual booth.
The issues concerning the status of persons holding a "booth rental" shop license for purposes of taxation are not relevant to whether such a license may be issued pursuant to the statutory requirements of Chapter 329, RSMo.
CONCLUSION
It is the opinion of this office that the Board of Cosmetology has the authority to issue a shop license to an individual renting space within a licensed cosmetology shop, which license is sometimes referred to as a booth rental license.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General